FILED
JUN - 5 2008
Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAPITAL MOTOR LINES,
520 North Court Street
Montgomery, AL 36106

    Plaintiff,

v.

DETROIT DIESEL CORPORATION

and

MOTOR COACH INDUSTRIES, INC.

and

MOTOR COACH INDUSTRIES
INTERNATIONAL, INC.

    Defendants.

Civil Action No.: _____

Case: 1:08-cv-00964
Assigned To : Huvelle, Ellen S.
Assign. Date : 6/5/2008
Description: General Civil

## COMPLAINT

COMES NOW the Plaintiff Capital Motor Lines ("Capital"), by counsel, and moves this Court for judgment against the Defendants, Detroit Diesel Corporation ("Detroit Diesel"), Motor Coach Industries, Inc. and Motor Coach Industries International, Inc. (collectively "MCI"), on the grounds and in the amount set forth herein:

### Jurisdiction and Venue

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the parties and the amount sought exceeds $75,000.00.

2. Venue is proper pursuant to 28 U.S.C. § 1391(a).

1

Facts

3.  Capital is an Alabama corporation with its principal place of business in Montgomery, AL.

4   Detroit Diesel is a Delaware corporation with its principal place of business in Detroit, MI.

5.  Motor Coach Industries, Inc. and Motor Coach Industries International, Inc. are Delaware corporations with their principal places of business in Schaumburg, IL.

6.  On or about September 24, 2001, Capital purchased from MCI a 2002 model year MCI G4500 motor coach ("motor coach") for $340,000.00. (See Exhibit 1 sales receipt).

7.  The vehicle identification number for the motor coach was: 3BMXSMPA72S080162.

8.  The motor coach was equipped with a Detroit Diesel Series 60 engine ("the engine"), that contained a vehicle identification number of 06R0662717.

9.  On or about June 8, 2005, Greyhound Lines, Inc. operated the motor coach with the permission of Capital.

10. While driving the motor coach in Washington, D.C., the Greyhound driver heard a noise and noticed smoke at the rear of the vehicle.

11. After stopping, the driver saw flames at the rear of the motor coach which later spread throughout the vehicle.

12. The fire on June 8, 2005 rendered the motor coach a total loss.

13. An inspection was performed of the motor coach and the cause of the fire was determined to be a malfunction with the vehicle's engine.

2

14. On or about March 8, 2006, Detroit Diesel issued a Part 573 Defect and Noncompliance Report ("the report") concerning certain Series 60 engines. The report stated that certain Series 60 engines were prone to turbocharger compressor failures which could result in fires. The report stated that Detroit Diesel would conduct a Safety Recall Campaign to remedy the problem.

16. The report stated that engines produced between January 1, 2000 and March 3, 2006 containing VIN ranges beginning "__6R-___" were subject to the recall.

17. The engine powering the motor coach was subject to the recall notice.

18. Upon information and belief, the June 8, 2005 fire was the result of a turbocharger failure, which was the subject of Detroit Diesel's Safety Recall Campaign.

## Count I – MCI

19. Plaintiff restates each of the allegations set forth in Paragraphs 1-18.

20. At all times relevant hereto, MCI was in the business of designing, manufacturing, selling and distributing motor coaches.

21. Prior to June 8, 2005, MCI designed, marketed, sold, tested and distributed the motor coach which is the subject of this suit.

22. The motor coach was defective, inherently and unreasonable dangerous and not of merchantable quality.

23. MCI negligently designed, marketed, tested, sold and/or distributed the motor coach which ultimately caused the fire and loss of the motor coach on June 8, 2005.

24. As a direct and proximate result of MCI's negligence, Capital incurred significant property damage, including the total loss of the motor coach, as well as related damages for loss of use.

3

## Count II– MCI

25. Plaintiff restates each of the allegations set forth in Paragraphs 1-24.

26. Prior to June 8, 2005, MCI negligently failed to warn, instruct and apprise Capital and others in the distribution chain of the defective, unreasonable and inherently dangerous condition of the motor coach.

27. As a direct and proximate result of MCI's negligence, Capital incurred significant property damage, including the total loss of the motor coach, as well as related damages for loss of use.

## Count III– MCI

28. Plaintiff restates each of the allegations set forth in Paragraphs 1-27.

29. Prior to June 8, 2005, MCI impliedly warranted that the motor coach was not defective, unreasonably or inherently dangerous, that it was safe and suitable for use by Capital, that it was of merchantable quality, that it was fit for the intended use and for the general and particular purpose for which it was designed, marketed, tested, sold and distributed.

30. The motor coach was defective, unreasonably or inherently dangerous, it was not safe or suitable for use by Capital, it was not of merchantable quality, nor was it fit for the intended use or for the general and particular purpose for which it was designed, marketed, tested, sold and distributed and did not comply with the implied warranties made by MCI.

31. As a direct and proximate result of the aforesaid breaches of warranty, Capital incurred significant property damage, including the total loss of the motor coach, as well as related damages for loss of use.

4

## Count IV – Detroit Diesel

32. Plaintiff restates each of the allegations set forth in Paragraphs 1-31.

33. At all times relevant hereto, Detroit Diesel was in the business of designing, manufacturing, selling and distributing engines for use in motor coaches and other commercial vehicles.

34. Prior to June 8, 2005, Detroit Diesel designed, marketed, sold and distributed the engine that was installed in the motor coach which is the subject of this suit.

35. The engine in the motor coach was defective, inherently and unreasonable dangerous and not of merchantable quality.

36. Detroit Diesel negligently designed, marketed, tested, sold and/or distributed the engine which caused the fire to the motor coach on June 8, 2005.

37. As a direct and proximate result of Detroit Diesel's negligence, Capital incurred significant property damage, including the total loss of the motor coach, as well as related damages for loss of use.

## Count V – Detroit Diesel

38. Plaintiff restates each of the allegations set forth in Paragraphs 1-37.

39. Prior to June 8, 2005, Detroit Diesel negligently failed to warn Capital and others in the distribution chain of the defective, unreasonable and inherently dangerous condition of the engine.

40. As a direct and proximate result of Detroit Diesel's negligence, Capital incurred significant property damage, including the total loss of the motor coach, as well as related damages for loss of use.

### Count VI– Detroit Diesel

41. Plaintiff restates each of the allegations set forth in Paragraphs 1-40.

42. Prior to June 8, 2005, Detroit Diesel impliedly warranted that the engine was not defective, unreasonably or inherently dangerous, that it was safe and suitable for use by Capital, that it was of merchantable quality, that it was fit for the intended use and for the general and particular purpose for which it was designed, marketed, tested, sold and distributed.

43. The engine was defective, unreasonably or inherently dangerous, it was not safe or suitable for use by Capital, it was not of merchantable quality, nor was it fit for the intended use or for the general and particular purpose for which it was designed, marketed, tested, sold and distributed and did not comply with the implied warranties made by Detroit Diesel.

44. As a direct and proximate result of the aforesaid breaches of warranty, Capital incurred significant property damage, including the total loss of the motor coach, as well as related damages for loss of use.

WHEREFORE, with respect to each of the counts set forth herein, Capital Motor Lines demands judgment against Detroit Diesel Corporation, Motor Coach Industries, Inc. and Motor Coach Industries International, Inc., jointly and severally, in the sum of $350,000.00 plus pre-judgment interest from June 8, 2005 and its costs herein expended.

**CAPITAL MOTOR LINES,**

By Counsel

_____
Danielle D. Giroux (D.C. Bar No.: 470009)
Attorney for Capital Motor Lines
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280

Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile

EXHIBIT 1

```
                    MOTOR COACH INDUSTRIES INC.        INVOICE NO.         244464
                    552 WEST STUTSMAN AVENUE           PAGE                1
                    PEMBINA, NORTH DAKOTA 58271        DATE                09/24/01
                    PHONE (701) 825-6234               SALESMAN            HAUSMAN BUS SALES
                    FAX (204) 453-5774                                     REGULAR INVOICE

MOTOR COACH INDUSTRIES                                    Fed ID:  45-0277789

                                                          Currency: USD U. S. Dollars

    U003544        Fed ID:
    Capital Motor Lines                                Capital Motor Lines
    520 North Court Street                             520 North Court Street
    Montgomery AL 36104                                Montgomery AL 36104
    USA                                                USA
```

| CUST ORDER NO. | P.O. NUMBER | PKGS. | PPD | WEIGHT | SHIP VIA | TERMS |
|---|---|---|---|---|---|---|
| 008994 | | | | 0.00 | | * |

| LINE REL | QTY ORDERED | QTY SHIPPED | QTY BACK ORDERED | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|
| | | | | Currency: USD U. S. Dollars | |
| 1 | 1.000 | 1.000 | .000 | 340,000.00000 | 340,000.00 |

```
        Item: G4500-80162
        Description: G-COACH-GLI-A8994-92 OF 96-COACH
               U/M: EA
        Date Shipped:

                  YEAR 2002 MCI MODEL G4500 INTERCITY
                  COACH IN ACCORDANCE WITH MOTOR COACH
                  INDUSTRIES, INC., STANDARD
                  SPECIFICATIONS AND GREYHOUND LINES, INC.
                  BUS ORDER

             *    PAYMENT DUE ON OR BEFORE
                  DECEMBER 15, 2001

                  F.O.B. DALLAS, TX
                  FEDERAL EXCISE TAX EXEMPT

                  V.I.N.: 3BM XSMPA 7 2S080162
                  UNIT NO.: 80162
                  FLEET NO.: 7116
```

08 0964 FILED JUN - 5 2008 Clerk, U.S. District and Bankruptcy Courts

| | | |
|---|---|---|
| IMPORTANT- THE TITLE AND OWNERSHIP OF PROPERTY AND THE RIGHT OF POSSESSION OF THE SAID GOODS AND EQUIPMENT SHALL REMAIN WITH THE VENDOR UNTIL THE PURCHASE PRICE IS PAID IN FULL, AND THE VENDOR SHALL HAVE THE RIGHT TO REPOSSESS AND SELL THE SAID EQUIPMENT IN THE EVENT OF DEFAULT IN SUCH PAYMENT COMPLAINTS OF SHORTAGE OR OTHERWISE MUST BE MADE TO OUR HEAD OFFICE UPON RECEIPT OF GOODS OR CLAIMS CANNOT BE CONSIDERED OR ALLOWED. PERMISSION MUST BE OBTAINED BEFORE GOODS MAY BE RETURNED FOR CREDIT. | SUB TOTAL | 340,000.0 |
| | TRADE-IN | 0.0 |
| | FREIGHT | 0.0 |
| | G.S.T. | 0.0 |
| | SALES TAX | |

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Capital Motor Lines

88668

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Montgomery Co.
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Detroit Diesel Corporation
Motor Coach Industries, Inc.
Motor Coach Industries International, Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Wayne Co., MI
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Danielle D. Giroux
Harman, Claytor, Corrigan & Wellman, P.C.
P.O. Box 70280
Richmond, VA 23255
804-747-5200

ATTORNEYS

Case: 1:08-cv-00964
Assigned To : Huvelle, Ellen S.
Assign. Date : 6/5/2008
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
⊗ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ⊗ 5 | ⊗ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ⊗ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☒ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. § 1332 - Property damage arising from product liability.

VII. REQUESTED IN COMPLAINT    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 350,000.00    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

VIII. RELATED CASE(S) IF ANY    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE June 4, 2008    SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.