IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITAL MOTOR LINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:08-cv-964 |
| | ) |
| DETROIT DIESEL CORPORATION | ) |
| 13400 Outer Drive West | ) |
| Detroit, Michigan 48239 | ) |
| | ) |
| and MOTOR COACH INDUSTRIES Inc. and | ) |
| MOTOR COACH INDUSTRIES | ) |
| INTERNATIONAL, INC., | ) |
| | ) |
| Defendants. | ) |

**ANSWER AND JURY DEMAND OF DEFENDANT
DETROIT DIESEL CORPORATION**

Defendant Detroit Diesel Corporation, by counsel, hereby responds to the

allegations in Plaintiff's Complaint as follows:

**FIRST DEFENSE
(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief can be

granted.

**SECOND DEFENSE**

In response to the factual allegations in paragraphs 1 through 18 of

Plaintiff's Complaint, Detroit Diesel responds as follows:

1.    Detroit Diesel admits the allegations in paragraph 1 of the Complaint.

2.    Detroit Diesel admits the allegations in paragraph 2 of the Complaint.

3.    Detroit Diesel is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 3 and, therefore, denies those

allegations.

4.      In response to the allegations in paragraph 4 of the Complaint, Detroit

Diesel admits that is incorporated in Delaware and that is principal place of business is in

Detroit, Michigan.

5.      Detroit Diesel is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 5 and, therefore, denies those

allegations.

6.      Detroit Diesel is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraphs 6 through 12 of the Complaint and,

therefore, denies those allegations.

7.      Detroit Diesel denies the allegations in paragraph 13 of the Complaint.

8.      In response to the allegations in paragraph 14 of the Complaint, Detroit

Diesel states that it filed a Part 573 Defect and Noncompliance Report with the National

Highway Traffic Safety Administration on or about March 8, 2006, concerning a planned

recall of certain Series 60 engines.  The documentation concerning that recall speaks for

itself.  Detroit Diesel denies the remaining allegations in paragraph 14.

9.      In response to the allegations in paragraph 16 of the Complaint, [1] Detroit

Diesel states that the Part 573 Defect and Noncompliance Report filed with NHTSA

stated that 12489 vehicles were potentially affected by the recall and that the involved

engines had a "VIN Range" as indicated in the report, which speaks for itself.  Detroit

Diesel denies the remaining allegations in paragraph 16.

10.     In response to the allegations in paragraph 17, Detroit Diesel is without

---

[1]      The Complaint did not contain a paragraph number 15.

knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

11.     Detroit Diesel denies the allegations in paragraph 18 of the Complaint.

<u>Count I – MCI</u>

12.     In response to the allegations in paragraph 19 of the Complaint, Detroit Diesel hereby incorporates by reference, as if fully set forth herein, its responses to paragraphs 1-18 of the Complaint above.

13.     The allegations in paragraphs 20-24 of the Complaint do not apply to this defendant and, therefore, no response is required.  However, if a response is deemed to be required, Detroit Diesel denies the allegations in paragraphs 20-24.

<u>Count II – MCI</u>

14.     In response to the allegations in paragraph 25 of the Complaint, Detroit Diesel hereby incorporates by reference, as if fully set forth herein, its responses to paragraphs 1-24 of the Complaint above.

15.     The allegations in paragraphs 26-27 of the Complaint do not apply to this defendant and, therefore, no response is required.  However, if a response is deemed to be required, Detroit Diesel denies the allegations in paragraphs 26-27.

<u>Count III – MCI</u>

16.     In response to the allegations in paragraph 28 of the Complaint, Detroit Diesel hereby incorporates by reference, as if fully set forth herein, its responses to paragraphs 1-27 of the Complaint above.

17.     The allegations in paragraphs 29-31 of the Complaint do not apply to this defendant and, therefore, no response is required.  However, if a response is deemed to be required, Detroit Diesel denies the allegations in paragraphs 29-31.

<u>Count IV – Detroit Diesel</u>

18.     In response to the allegations in paragraph 32 of the Complaint, Detroit Diesel hereby incorporates by reference, as if fully set forth herein, its responses to paragraphs 1-31 of the Complaint above.

19.     In response to the allegations in paragraph 33 of the Complaint, Detroit Diesel admits that at all relevant times it was in the business of design, manufacturing and selling engines for use in motor coaches and other commercial vehicles.

20.     In response to the allegations in paragraph 34 of the Complaint, Detroit Diesel admits that it designed, manufactured and sold Series 60 engines.  Detroit Diesel denies the remaining allegations in paragraph 34.

21.     Detroit Diesel denies the allegations in paragraphs 35-37 of the Complaint.

<u>Count V – Detroit Diesel</u>

22.     In response to the allegations in paragraph 38 of the Complaint, Detroit Diesel hereby incorporates by reference, as if fully set forth herein, its responses to paragraphs 1-37 of the Complaint above.

23.     Detroit Diesel denies the allegations in paragraphs 39-40 of the Complaint.

Count VI – Detroit Diesel

24.     In response to the allegations in paragraph 41 of the Complaint, Detroit Diesel hereby incorporates by reference, as if fully set forth herein, its responses to paragraphs 1-40 of the Complaint above.

25.     Detroit Diesel denies the allegations in paragraph 42 of the Complaint.

26.     Detroit Diesel denies the allegations in paragraph 43 of the Complaint.

27.     In response to the allegations in the unnumbered paragraph following paragraph 44, Detroit Diesel denies that it is liable to plaintiff under any theory of liability.

28.     Detroit Diesel denies all allegations in the complaint that are not otherwise admitted to, denied or responded to above.

<strong>THIRD DEFENSE<br>(Contributory and/or Comparative Negligence)</strong>

Plaintiff's injuries or damages, if any, may have been caused, in whole or in part, by the contributory and/or comparative negligence of plaintiff.

<strong>FOURTH DEFENSE<br>(Assumption of Risk)</strong>

Plaintiff, through its own actions or omissions, assumed the risk of any injuries or damages alleged.

<strong>FIFTH DEFENSE<br>(Intervening and Superseding Cause)</strong>

Plaintiff's injuries or damages, if any, may have been caused, in whole or

5

in part, by the actions, omissions or negligence of persons other than Detroit Diesel and for which Detroit Diesel is not liable.

### SIXTH DEFENSE
### (Misuse or Alteration)

Plaintiff's injuries or damages, if any, may have been caused, in whole or in part, by alteration, change or misuse of the product at issue after the time it left Detroit Diesel's possession, custody, and control.

### SEVENTH DEFENSE
### (Statutes of Limitation and Repose)

Plaintiff's claims may be barred by the applicable statutes of limitation and/or repose.

### EIGHTH DEFENSE
### (State of the Art)

Detroit Diesel at all times conformed with the state of the art for the design, manufacture, assembly, and sale of the subject product and all of its component parts.

### NINTH DEFENSE
### (Accord and Satisfaction)

Plaintiff's claims may be barred by accord and satisfaction.

### TENTH DEFENSE
### (Release and Discharge)

Plaintiff's claims may be barred by release and discharge.

### ELEVENTH DEFENSE
### (Collateral Estoppel/Res Judicata)

Plaintiff's claims may be barred by collateral estoppel and/or res judicata.

**TWELFTH DEFENSE**
**(Privity)**

There is no privity between Detroit Diesel Corporation and plaintiff; therefore, plaintiff is barred from bringing any claim against Detroit Diesel Corporation in which privity is an element.

**THIRTEENTH DEFENSE**
**(Compliance With Federal and State Law)**

Detroit Diesel complied with all applicable federal, state and local statutes and/or regulations.

**FOURTEENTH DEFENSE**
**(Failure to Mitigate Damages)**

Any recovery should be reduced to the extent that plaintiff failed to mitigate its damages.

**FIFTEENTH DEFENSE**
**(Untimely and Insufficient Notice)**

Plaintiff failed to give timely and sufficient notice of the breach of warranty claims, and, therefore, Plaintiff's breach of warranty claims are barred.

**SIXTEENTH DEFENSE**
**(Limited Written Warranty)**

The relief available to Plaintiff for the alleged breach of warranties, if any, is circumscribed by the terms of the limited written warranty provided with the vehicle.

**SEVENTEENTH DEFENSE**
**(Failure to Present Vehicle Within Warranty Period)**

Plaintiff's claims for alleged breach of warranties are barred because the vehicle was not presented to an authorized dealership for repair of the alleged defect within the written warranty period, the duration of which is reasonable and legal.

**EIGHTEENTH DEFENSE**
**(Economic Loss Rule)**

Plaintiff's tort claims are barred by the economic loss rule.

**NINETEENTH DEFENSE**
**(Additional Defenses)**

Detroit Diesel Corporation hereby gives notice that it intends to rely upon any additional affirmative defenses that become available or apparent and thus, reserves the right to amend its Answer to assert such additional defenses.

WHEREFORE, having fully answered, defendant Detroit Diesel Corporation  respectfully requests that the claims against it be dismissed; that plaintiff recover nothing of this defendant; that the cost of this action be taxed to plaintiff; and that Diesel Detroit Corporation be awarded its reasonable attorneys' fees and other such further relief as this Court deems just and proper.

Respectfully submitted,

WALLACE KING DOMIKE & REISKIN, PLLC


By:    Terri S. Reiskin /s/
       Terri S. Reiskin, DC Bar #384886
       Eric C. Tew, DC Bar #477023
       2900 K Street, N.W.
       Harbourside, Suite 500
       Washington, D.C. 20007
       (202) 204-1000
       (202) 204-1001 (facsimile)
       treiskin@wallaceking.com

       Attorneys for Defendant
       Detroit Diesel Corporation

## **JURY DEMAND**

Detroit Diesel Corporation hereby respectfully demands a trial by jury as to all claims so triable.

Terri S. Reiskin /s/
Terri S. Reiskin

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 21st day of August, 2008, a copy of the foregoing

Answer of Defendant Detroit Diesel Corporation was served electronically on:

> Danielle D. Giroux
> Harmon, Claytor, Corrigan and Wellman
> Inssbrok Corporate Center
> 4951 Lake Brook Drive, Suite 100
> Glen Allen, VA  23060
>
> Counsel for Plaintiff

Terri S. Reiskin /s/
Terri S. Reiskin
